EVANDER, J.,
dissenting.
There were two motivations behind the officer’s initial entry into the Ortiz residence — (1) the desire to reunify the child with his parents, and (2) a belief that someone in the child’s home might be in need of medical assistance. For the reasons set forth in Judge Orfinger’s dissent, I conclude that the evidence was insufficient to demonstrate an objectively reasonable basis to believe that there was a “feared medical emergency.” Thus, the issue is what weight, if any, should be given to the officer’s desire to reunite the child with his parents.[15] If the community caretaker exception was found to be applicable to residences, then the State’s interest in seeking prompt reunification of the young child with his parents should be given significant weight and the majority’s position might be well taken. However, if the community caretaker exception is inapplicable, then this factor should be given little weight and the State’s argument must fail. Because I believe that in Riggs v. State, 918 So.2d 274 (Fla.2005) our supreme court implicitly rejected application of the community caretaker exception with regard to residences, I respectfully dissent.
ORFINGER, J., concurs.

. Indeed, the officer's only viable option to seeking to locate the child’s parents was to place the child in the custody of the Department of Children and Families — a “solution” that comes with its own set of potential adverse consequences.